IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

APRIL KLUGE, INDIVIDUALLY,
AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF MARY LOU TANNER,
JASON TANNER, AND GERALD TANNER,

        Plaintiffs,

v.

DEPUY SYNTHES SALES, INC., AND
JOHNSON & JOHNSON,

        Defendants.

CASE NO. _____

### DEFENDANT DEPUY SYNTHES SALES, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant DePuy Synthes Sales, Inc. ("DePuy Synthes") hereby removes the action styled as *April Kluge, individually and as personal representative of the Estate of Mary Lou Tanner, et al. v. DePuy Synthes Sales, Inc. et al.*, Cause No. 21-CV-1995, filed in the 10th Judicial District Court of Galveston County, Texas (the "State Court Action") to the United States District Court for the Southern District of Texas, Galveston Division.

The Court has dismissed Plaintiffs' claims with prejudice against the resident defendant, University of Texas Medical Branch at Galveston (UTMB), pursuant to Plaintiffs' and UTMB's settlement agreement and Agreed Final Judgment. Accordingly, the United States District Court for the Southern District of Texas has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) and 1441 et seq. because there is complete diversity among plaintiffs and all remaining defendants, and the amount in controversy exceeds $75,000 exclusive of interests and costs.

In support of removal, DePuy Synthes further states as follows:

I. **THE STATE COURT ACTION**

1. The State Court Action was filed by Plaintiffs, April Kluge, individually and as personal representative of the Estate of Mary Lou Tanner, Jason Tanner, and Gerald Tanner, on November 5, 2021. The Original Petition named a resident defendant, University of Texas Medical Branch at Galveston ("UTMB"), as the sole defendant. A copy of the Original Petition in the State Court Action is attached hereto as Exhibit C1.

2. Plaintiffs' First Amended Petition filed on December 17, 2021 purported to add DePuy Synthes Sales, Inc. ("DePuy Synthes") and "Johnson & Johnson, Incorporated" as additional, non-resident defendants. A copy of the First Amended Petition in the State Court Action is attached hereto as Exhibit C3. DePuy Synthes was served with Plaintiffs' First Amended Petition on January 3, 2022. Also on January 3, 2022, Plaintiffs filed a voluntarily notice of non-suit as to Johnson & Johnson, Incorporated, which the state court granted on January 4, 2022. Exhibit C7. Plaintiffs' Second Amended Petition, filed on January 4, 2022, added "Johnson & Johnson" as a non-resident defendant in place of Johnson & Johnson, Incorporated. Exhibit C6.

3. DePuy Synthes was served with process on January 3, 2022 and filed its Original Answer on February 7, 2022. *See* Exhibit C9.

4. Johnson & Johnson received service of Plaintiffs' Second Amended Petition on February 9, 2022. Per the agreement of counsel, Johnson & Johnson has not yet appeared or answered in the State Court Action. However, Johnson & Johnson consents to this removal. *See* Exhibit E. Johnson & Johnson, together with DePuy Synthes, are hereinafter referred to as the "Removing Defendants."

5. On March 10, 2022, the court in the State Court Action signed an Agreed Final Judgment approving the settlement reached between Plaintiffs and UTMB and dismissing

2

Plaintiffs' claims against UTMB with prejudice. *See* Exhibit C10. Thus, as of March 10, 2022, DePuy Synthes and Johnson & Johnson are the only remaining defendants in the action.

6. As to the Removing Defendants, Plaintiffs assert negligence, strict liability, and breach of implied warranty claims arising from the alleged use of the "Insight Lateral Access System" during Ms. Mary Lou Tanner's lumbar surgery in May 2020. Plaintiffs allege that a "faulty fiberoptic cable" in the device impaired the surgeon's visibility during the surgery, leading to a large dural tear and complications ultimately resulting in Ms. Tanner's death. *See* Exhibit C6, ¶¶ 12–16. Plaintiffs allege that the Insight Lateral Access System is manufactured and designed by Removing Defendants. *See* Exhibit C6, ¶ 23. Plaintiffs seek damages under Texas's Wrongful Death and Survivorship statutes and the common law for Ms. Tanner's physical pain and mental anguish, past medical expenses, and funeral and burial expenses, as well as damages for Plaintiffs' pecuniary loss, termination of the parent-child relationship, and mental anguish. *See* Exhibit C6, ¶¶ 17, 35–38.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a).

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. The Amount in Controversy Requirement is Satisfied.

8. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth in 28 U.S.C. § 1332(a)(1). The removing defendant need only assert "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Further, evidence

3

establishing the amount is required only when a plaintiff contests, or the court questions, a defendant's allegation of the amount in controversy. *Id.*

9. Plaintiffs' Complaint in the State Court Action alleges negligence, strict liability, and breach of implied warranty claims against the Removing Defendants. Plaintiffs claim damages for Ms. Tanner's physical pain and suffering and mental anguish, past medical expenses, and funeral and burial expenses. Plaintiffs additionally seek damages for their alleged pecuniary loss, termination of the parent-child relationship, and mental anguish. Exhibit C6 at ¶¶ 35–38.

10. Based on the Plaintiffs' allegations, the amount in controversy plausibly exceeds the jurisdictional threshold. The Fifth Circuit has found that a plaintiff's allegations facially met the $75,000 amount in controversy requirement where, as here, the complaint asserts survival and wrongful death claims seeking damages for medical treatment, mental anguish, and consortium-based claims. *See, e.g.*, *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62, 67 (5th Cir. 2010) (finding each plaintiff's wrongful death claim met jurisdictional amount when decedent's children sought damages for their "mental pain and suffering," and decedent's wife sought damages for loss of companionship and consortium); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (satisfaction of amount in controversy was facially apparent from complaint alleging claims relating to wrongful death, loss of companionship, and funeral expenses) *cf. Boudreaux v. Daimler Chrysler Corp.*, 2001 WL 290157, at *3 (E.D. La. Mar. 22, 2001) (holding that "alleged damages can easily support the requisite monetary basis for federal jurisdiction" where plaintiff sought compensation for medical expenses, pain and suffering, mental anguish, and lost wages).

11. Although the Removing Defendants do not concede or admit that Plaintiffs have suffered any damages, or that Removing Defendants are liable for any claimed damages, Plaintiffs'

4

allegations demonstrate that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

### B. Complete Diversity of Citizenship Exists Between Plaintiffs and Defendants.

12. None of the remaining defendants are a citizen of the same state as a plaintiff. Therefore, complete diversity exists under 28 U.S.C. § 1332(a).

13. Plaintiffs Jason Tanner, Gerald Tanner, and April Kluge are individuals domiciled in Brazoria County, Texas and therefore are citizens of the State of Texas. *See* Exhibit C6 at ¶¶ 1–5. Additionally, in her capacity as personal representative of the Estate of Mary Lou Tanner, April Kluge is a citizen of Texas because the personal representative of the estate is deemed to have the same citizenship as the decedent. 28 U.S.C. § 1332(c)(2). Upon information and belief, at the time of her death, Ms. Tanner was a citizen of the State of Texas.

14. Accordingly, Removing Defendants assert that Plaintiffs were at the time of filing the Petition in the State Court Action, and are now, citizens of the State of Texas.

15. Removing Defendants, DePuy Synthes and Johnson & Johnson, are corporations. A corporation is a citizen of its state of incorporation and state of its principal place of business. 28 U.S.C. §§ 1332(c)(1).

16. Defendant DePuy Synthes Sales, Inc. was at the time of filing the Petition, and is now, incorporated under the laws of the State of Massachusetts with its principal place of business in Massachusetts. Johnson & Johnson was at the time of filing the Petition, and is now, incorporated under the laws of the State of New Jersey with its principal place of business in New Jersey. Thus, DePuy Synthes is a citizen of Massachusetts and Johnson & Johnson is a citizen of New Jersey.

17. UMTB is no longer a defendant to this action, having been dismissed on March 10, 2022.

18. Because Plaintiffs are all citizens of Texas and none of the Defendants in this action are citizens of Texas, there is complete diversity of citizenship between the parties.

### III. REMOVING DEFENDANTS HAVE SATISFIED THE OTHER PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL.

19. The removal statute provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

20. On March 10, 2022, the Galveston County District Court dismissed Defendant UTMB with prejudice from the State Court Action. Exhibit C10.

21. Removal of the State Court Action is timely under Section 1446(b)(3) because this Notice of Removal is filed within 30 days of March 10, 2022—the date when the Galveston County District Court dismissed the non-diverse defendant, UTMB. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (Section 1446(b) "expressly grants an additional thirty days from the time that a defendant discovers that the case has become or always has been removable.").

22. Additionally, removal is timely under section 1446(c)(1) because this Notice of Removal is filed within 1 year of the commencement of the action (i.e., November 5, 2021).

23. Galveston County, Texas, is located within the Southern District of Texas, *see* 28 U.S.C. § 124(b)(1), and venue for this action is proper in this Court because the Southern District of Texas, Galveston Division is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

24. Pursuant to 28 U.S.C. § 1446(a) and this Court's Local Rule 81, a copy of all executed process in this case, pleadings asserting causes of action and all answers to such pleadings, orders signed by the state judge, the docket sheet, an index of matters being filed, and a list of all counsel of record are attached hereto as Exhibits A–D. *See* Exhibit A for the Index of Matters Being Filed.

25. Promptly after filing this Notice of Removal, Removing Defendants will file a copy of this Notice of Removal with the Clerk of Court for the 10th Judicial District Court of Galveston County, Texas pursuant to 28 U.S.C. § 1446(d).

26. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiffs' counsel as required by 28 U.S.C. § 1446(d).

27. No previous application has been made for the relief requested herein.

28. By removing this action to this Court, Removing Defendants neither admit that they are the proper corporate entities, nor waive any defenses, objections, or motions available under state or federal law. Removing Defendants expressly reserve the right to move for dismissal of some or all of Plaintiffs' claims pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or seek dismissal on grounds of lack of personal jurisdiction, improper venue, insufficient service of process, or under the doctrine of forum non conveniens.

WHEREFORE, Defendant DePuy Synthes Sales, Inc., with the consent of Johnson & Johnson, gives notice that the matter bearing civil action number 21-CV-1995 currently pending in the 10th Judicial District Court, Galveston County, Texas, is removed to this Court pursuant to 28 U.S.C. §§ 1441–1446.

DATED this 25 day of March, 2022.

...

Respectfully submitted,

*/s/ Timothy E. Hudson*
Timothy E. Hudson
*Attorney-in-Charge*
State Bar No. 24046120
S.D. Tex. Bar No. 580952
Tim.hudson@btlaw.com

Jenna Johnson
State Bar No. 24120928
S.D. Tex. Bar No. 3687667
Jenna.johnson@btlaw.com
**BARNES & THORNBURG LLP**
2121 N. Pearl St., Suite 700
Dallas, Texas 75201-2469
Tel: (214) 258-4200
Fax: (214) 258-4199

*Attorneys for Defendant DePuy Synthes Sales, Inc. and Johnson & Johnson*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25 day of March, 2022, a copy of foregoing document was filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system or by email or mail for any party unable to receive electronic service.

Attorneys for Plaintiffs
Mark Weycer
Elena Bueno
THE WEYCER LAW FIRM, P.C.
4545 Bissonnet, Suite 294
Bellaire, Texas 77401
Tele: (713) 668-4545
Fax: (713) 668-5115


/s/ *Timothy E. Hudson*
Timothy E. Hudson