# EXHIBIT C1

Filed: 11/5/2021 11:43 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 58896299
By: Shailja Dixit
11/5/2021 2:05 PM

21-CV-1995

CAUSE NO. _____

| | | |
|---|---|---|
| **APRIL KLUGE, INIDIVIDUALLY,** | § | **IN THE DISTRICT COURT OF** |
| **AND AS PERSONAL REPRESENTATIVE** | § | |
| **OF THE ESTATE OF MARY LOU TANNER,** | § | |
| **JASON TANNER, AND GERALD TANNER,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **VS.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **THE UNIVERSITY OF TEXAS** | § | Galveston County - 10th District Court |
| **MEDICAL BRANCH AT GALVESTON,** | § | |
| *Defendant*. | § | **____ JUDICIAL DISTRICT** |

**PLAINTIFFS' ORIGINAL PETITION,
JURY DEMAND AND REQUEST FOR DISCLOSURE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, Plaintiffs, April Kluge, Individually and as Personal Representative of the Estate of Mary Lou Tanner, Jason Tanner, and Gerald Tanner, who bring this cause of action against Defendant, The University of Texas Medical Branch at Galveston ("UTMB Galveston") and would respectfully show unto the Court as follows:

**DISCOVERY CONTROL PLAN**

1. This is a civil action brought on behalf of Plaintiffs. This action seeks monetary relief over $250,000.00 but not more than $1,000,000.00 for the personal injuries and damages caused by the negligence of the Defendants.

2. Discovery in this case is to be conducted under level two (2) pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

**PARTIES**

3. Plaintiff, April Kluge, Individually and as Personal Representative of the Estate of Mary Lou Tanner is an individual residing in Brazoria County, Texas.

4. Plaintiff, Jason Tanner, is an individual residing in Brazoria County, Texas.

1

5. Plaintiff, Gerald Tanner, is an individual residing in Brazoria County, Texas.

6. Defendant, University of Texas Medical Branch at Galveston is a healthcare institution, as defined by section 74.001(11) of the Texas Civil Practice and Remedies Code, and may be served with process through General Counsel, Carolee King, 301 University Blvd., Galveston, Texas 77555, or wherever she may be found.

7. Pursuant to TEX. R. CIV. P. 28, Plaintiffs specifically invoke their right to institute this suit against each and every Defendant in all of their partnerships, assumed, or common names, and any other names they have used or that have been used to designate them.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction and the amount in controversy exceeds the minimum jurisdictional limits of the Court.

9. Venue is proper in Galveston County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002 and 101.102 because all or a substantial part of the cause of action occurred in Galveston County, Texas.

## FACTUAL BACKGROUND

10. On May 26, 2020, Mary Lou Tanner underwent lumbar surgery at UTMB in Galveston, Texas.

11. During the surgery, a faulty fiberoptic cable compromised the surgeon's visibility as he was operating on L3-4.

12. The loss of visibility caused by the faulty fiberoptic cable led to Ms. Tanner sustaining a large dural tear at L3-4.

13. As a result of this complication, Ms. Tanner died on November 11, 2020.

## CAUSES OF ACTION

14. Plaintiffs bring these claims and request for damages pursuant to Chapter 71 of the T.C.P.R. Code, Texas Wrongful Death and Survival Statute, Chapter 74 of the T.C.P.C. and Chapter 41 of the T.C.P.R. Code and Texas Common Law.

15. All conditions precedent have been performed or have occurred.

## NEGLIGENCE OF DEFENDANT

16. At the trial of this cause, Plaintiffs intend to prove Defendant, UTMB, was negligent in the care and treatment of Decedent, Mary Lou Tanner by the following:

   a. Failing to have appropriate policies and procedures regarding maintenance of equipment required during surgical procedures;

   b. Failing to enforce appropriate policies and procedures regarding the maintenance of equipment required during surgical procedures; and

   c. Failing to ensure that the fiber optic cable at issue was in a safe and proper working condition prior to Decedent's surgery

17. Defendant was, in all probability negligent in the other respects in addition to the above and foregoing and Plaintiffs reserve the right to amend their pleadings to conform to the evidence.

18. At all times relevant hereto, the personnel responsible for maintaining the fiber optic cable at issue were employed by Defendant and were agents, servants, and/or employees of Defendant.

19. Under the doctrine of *respondeat superior*, Defendant is vicariously liable for the negligence of its agent(s) and/or employees acting within the scope of their employment.

## WRONGFUL DEATH

20. Plaintiffs further bring a wrongful death and survival action, individually and on behalf of the Estate Mary Lou Tanner pursuant to the Tex. Civ. Prac. & Rem. Code §71.001 et seq

3

and §71.021.

## PROXIMATE CAUSATION AND DAMAGES

21. The negligence of the Defendant proximately caused the injuries and damages made the basis of this suit.

22. As a proximate result of the injury, Mary Lou Tanner endured physical pain and suffering and mental anguish.

23. As a proximate result of the injury, Mary Lou Tanner incurred medical expenses in the past.

24. As a proximate result of the injury, Mary Lou Tanner's estate incurred funeral and burial expenses

25. As a proximate result of the injury, Plaintiffs, April Kluge, Jason Tanner and Gerald Tanner have experienced pecuniary loss, termination of the parent-child relationship, and mental anguish.

## STATUTORY REQUIREMENTS

26. More than sixty days before the commencement of this action Plaintiffs complied with Texas Statutes and provided notice to the Defendant of the claim pursuant to Tex. Civ. Prac. & Rem. Code § 74.051.

## JURY DEMAND

27. Plaintiffs request a jury trial and tender the required fee upon filing this Original Petition.

## REQUEST FOR DISCLOSURES TO DEFENDANT

28. Except as exempted by Rule 194.2(d) of the Texas Rules of Civil Procedure, a party must, without awaiting a discovery request, provide to the other parties the information or material

described in Rule 194.2, 194.3, and 194.4 within 30 days after the filing of the first answer or general appearance unless a different time is set by the parties' agreement or court order.

## **PRAYER**

29. Plaintiffs pray that Defendant be served with citation and called upon to answer herein and that, upon trial hereof, they have judgment for all of their damages together with prejudgment interest on past damages, interest on the judgment, costs of suit, and such other relief to which they may be entitled.

Respectfully submitted,

THE WEYCER LAW FIRM, P.C.

By: *Mark A. Weycer*
MARK A. WEYCER
State Bar No. 21237300
mweycer@weycerlawfirm.com
ELENA R. BUENO
State Bar No. 24118342
ebueno@weycerlawfirm.com
4545 Bissonnet, Suite 294
Bellaire, Texas 77401
Tele: (713) 668-4545
Fax: (713) 668-5115

**ATTORNEYS FOR PLAINTIFFS**